IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RACHEL ANN NUNES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TIFFANIE RUSHTON,<br><br>　　　　　Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:14-cv-627<br><br>District Court Judge Tena Campbell<br><br>Magistrate Judge Dustin Pead |

## I. INTRODUCTION

This matter is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Tena Campbell (doc. 22).

On August 29, 2014, Plaintiff Rachel Ann Nunes ("Plaintiff") filed an action against Defendant Tiffanie Rushton ("Defendant"). In her complaint, Plaintiff asserts that Defendant plagiarized her Christian novel "A Bid For Love," and engaged in "a vicious campaign to discredit [Plaintiff] and disparage her work" by utilizing false identities to post defamatory statements on the internet (doc. 2, ¶27).[1]

Currently pending before the court is: (1) Defendant's "Motion For Sanctions For Violation Of Rule 45" (doc. 29); and (2) Defendant's "Motion To Quash Second Subpoena Duces Tecum To The Davis County School District" (doc. 32). Upon review, the Court elects to determine the pending motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] Plaintiff brings causes of action against Defendant for copyright infringement, defamation, false light interference with prospective business relations and harassment (doc. 2).

## II.  BACKGROUND

On February 9, 2015, Plaintiff served a subpoena duces tecum ("first subpoena") on Defendant's employer the Davis County School District (the "School District") (doc. 29-3).  Two days later, Plaintiff sent Defendant a notice of her intent to serve the first subpoena.  Id. Defendant objected and filed a motion to quash (doc. 18).  Thereafter, on March 9, 2015, the court granted Defendant's motion to quash and ordered the parties to "engage in an attorney planning meeting, finalize a formal scheduling order and begin the discovery process" (doc. 27). In doing so, the court made no findings regarding the "scope, content or substance" of the first subpoena.  Id.

On March 11, 2015, the parties appeared before Magistrate Judge Furse for a rule 16(f) pre-trial scheduling conference (doc. 28) .  During the conference, Plaintiff's counsel, attorney Shawn P. Bailey ("Attorney Bailey"), informed Defendant that his office "instructed the School District to hold off on responding to the [first subpoena] given Defendant's objection" (doc. 29, p. 6); *see also* Fed. R. Civ. P. 16(f)(C); DUCiv R16-1.  Several days later, however, Attorney Bailey contacted Defendant to indicate that his office had in fact already received the School District's subpoena responses on March 10, 2015 (doc. 29-6).  Based thereon, Defendant filed a motion for sanctions against Plaintiff asserting violations of federal rule 45 (doc. 29).

On April 1, 2015, the court issued a formal scheduling order setting forth specific dates for discovery and the filing of dispositive motions (doc. 30).  With the scheduling order in place, Plaintiff sent Defendant a notice of her intent to serve a second subpoena duces tecum ("second subpoena") on the School District (doc. 32-3).  On April 20, 2015, Defendant filed a motion to quash the second subpoena (doc. 32).

### III. LEGAL STANDARDS

The motions before the court relate to discovery. "The district court has broad discretion over the control of discovery, and the [Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.,* 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses. . . .For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

### IV. PENDING MOTIONS

**1. Defendant's Motion For Sanctions**

Defendant asserts that Plaintiff violated federal rule 45 by serving the first subpoena on the School District prior to notifying Defendant, refusing to withdraw the subpoena after Defendant formally objected and falsely representing that Plaintiff had informed the School District not to respond to the subpoena (doc. 29); *see* Fed. R. Civ. P. 45. Based upon these alleged violations, Defendant claims she is entitled to sanctions pursuant to the "equitable powers of the [c]ourt," Utah Code Ann. §78B-5-825 and local federal rule DUCivR 1-2.[2]

---

[2] In her "Objection To Plaintiff's Notice Of Supplemental Authority" Defendant clarifies that although she seeks sanctions based on a *violation* of rule 45, she does not seek an *award* of sanctions under the same rule (doc. 38). Instead, Defendant seeks an award of sanctions for the rule 45 violation under the equitable powers awarded to the court pursuant to Utah Code Ann.

3

**Plaintiff's Failure To Notify and Failure To Withdraw**

Pursuant to Federal Rule of Civil Procedure 45, a party is required to notify an opposing party of its intent to issue a subpoena:

> ***Notice to Other Parties Before Service.*** If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party

Fed. R. Civ. P. 45(a)(4). The federal local rule also states that "[t]he subpoena may not be served upon the non-party until four (4) days after the service of the notice [on the opposing party]." DUCivR 45-1. The requirement that a party provide prior notice is imposed as a precautionary measure and is designed to give an opposing party the opportunity to object to a subpoena prior to service. *See Butler v. Biocore Med. Techs., In.,* 348 F.3d 1163, 1173 (10th Cir. 2003).

Plaintiff does not dispute that she failed to provide prior notice to Defendant or to withdraw the subpoena after receipt of Defendant's objection. Fed. R. Civ. P. 45(a)(4); DUCivR 45-1.[3] However, a party's failure to provide proper notice under rule 45 is not an absolute basis for the issuance of sanctions. *See Richards v. Convergys Corp.,* 2007 U.S. Dist. LEXIS 9131 *9 (D. Utah, Feb. 6, 2007) (declining to quash subpoena for failure to provide prior notice since after subpoena was served party had sufficient opportunity to object). Moreover, if imposed, sanctions generally involve the court either striking the subpoena or allowing counsel an

---

§78B-5-825 and federal local rule DUCiv R 1-2. Id.

[3] Attorney Bailey explains that his failure to wait four days before serving the School District after providing Defendant with notice of the subpoena was an "inadvertent error" based upon his paralegal's confusion between federal notice requirements, which impose a four-day waiting period, and state court notice requirements, which do not impose a four-day waiting period (doc. 31, p. 10).

opportunity to object. *See Biocore Med. Techs., Inc. v. Khosrowshahi,* 181 F.R.D. 660, 668 (D. Kan. Sept. 4, 1998) (internal quotation and citation omitted).

Here, Defendant was given an opportunity to object to the subpoena and filed her motion to quash (doc. 18). Further, the court responded to Defendant's concerns regarding the subpoena and issued an order to quash (doc. 27). Consequently, the court does not find further sanctions for Plaintiff's failure to provide prior notice or withdraw the subpoena are warranted.

### Counsel's Misrepresentation

Next, Defendant claims that she is entitled to sanctions based upon Attorney Bailey's misrepresentation that he had instructed the School District not to respond to the subpoena while he was actually already in possession of the School District's subpoena responses. Defendant asserts that this misrepresentation supports its "concerns over the motivation to use this ongoing litigation and the available discovery tools as a means to harass and embarrass the Defendant" (doc. 33).[4]

Upon review, it appears that neither party instructed the School District not to respond to the first subpoena based upon Defendant's motion to quash (doc. 29-7). Neither party, however, cites the court to any specific legal rule or obligation to do so. Further, while the court takes any violation of professional conduct or candor very seriously, there is no evidence that Attorney Bailey's "misrepresentation" was intentionally made or done with the nefarious purpose that

---

[4]The court reminds Defendant that "[r]eply memoranda in support of any motion must be limited to ten (10) pages, exclusive of any of face sheet, table of contents, table of exhibits and must be limited to rebuttal of matters raised in the memorandum opposing the motion." DUCivR 7-1(b)(2)(B). Defendant's submission of approximately twenty-five pages of undisputed facts, conclusions and responses, in addition to her argument on the motion to compel is a violation of local federal rule length requirements. Id.

Plaintiff imputes. Instead, Attorney Bailey explains that unbeknownst to him, at the time of the scheduling conference, his office had previously received the School District's responses to the subpoena (doc. 29-6). Further, as soon as he discovered this mistake, Attorney Bailey forwarded Plaintiff a complete set of documents that the School District produced (doc. 31-7).

In general, the court finds the timing of the Defendant's motion for sanctions to be somewhat unusual given the court's March 9, 2015 order (doc. 27). In that order the court quashed Plaintiff's first subpoena and denied Defendant's related request to "exercise is [sic] equitable authority" and award Defendant her reasonable costs and attorney fees (doc. 18, p.9). Thus, despite now considering the substance of Defendant's pending motion for sanctions, the court finds the issues raised in its motion to be duplicative of those issues addressed by the court in its earlier order.

Accordingly, for the reasons set forth, Defendant's Motion For Sanctions is hereby denied.

### 2. Defendant's Second Motion To Quash Subpoena

On April 10, 2015, Plaintiff emailed Defendant a notice of intent to serve a second subpoena duces tecum ("second subpoena") on the School District (doc. 32-3). On April 20, 2015, Defendant filed her motion to quash the second subpoena on the grounds that it is duplicative and designed to embarrass and harass the Defendant (doc. 32). The court addresses each of these objections in turn.

### The Second Subpoena Is Not Duplicative[5]

Pursuant to Federal Rule of Civil Procedure 45, a court is required to quash or modify a subpoena that:

>    (i)    fails to allow a reasonable time to comply;
>    (ii)   requires a person to comply beyond the geographical limits specified in Rule 45(c);
>    (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>    (iv)   subjects a person to undue burden

Fed. R. Civ. P. 45(3)(A)(I-iv). Discovery against non-parties is obtained by subpoena and subject to the limitations set forth under rule 45 in addition to limitations on discovery in general pursuant to rule 26. *See* Fed. R. Civ. P. 45.; Fed. R. Civ. P. 26(b)(2)(c); *see also Treanscor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 591-92 (D. Kan 2003) ("[i]t is well settled . . . that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) . . . .")). Thus, although not specifically enumerated under rule 45, limitations may be placed on subpoenas that are determined to be "unreasonably cumulative or duplicative." *Tiscareno v Frasier,* No. 2:07-cv-00336-CW-DBP, 2013 U.S. LEXIS 22345, * 6 (D. Utah Feb. 15, 2013)

---

[5]As an initial matter, a party does not have standing to object to third party subpoena unless "the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested . . . ." *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 635 (D. Kan. 1999). Plaintiff asserts that Defendant lacks standing to challenge the School District subpoena on grounds of undue burden. *See Howard v Segway, Inc.* 2012 U.S. Dist. LEXIS 99431, *5 ("Even where a party has standing to quash a subpoena based on privilege or a personal right, it still lacks standing to object on the basis of undue burden."). Defendant counters that her challenge to the subpoena is not based on a claim of undue burden (doc. 36, p.10). Here, giving Defendant the benefit of her argument that she does not assert undue burden, and because her claims may stem from privilege, personal interest or a proprietary interest in the documents, the court addresses the substance of Defendant's claims. *See Stewart v. Mitchell Transp.,* 2002 U.S. Dist. LEXIS 12958 *4-5 (D. Kan. July 11, 2001) (concluding that a party has standing to object to a non-party subpoena if the subpoena involves the party's personnel file or applications for employment.).

(citing, *Haver v. ASN 50th St., LLC,* 272 F.R.D. 377, 382 (S.D.N.Y 2011); *Int'l. Coal Grp., Inc. v. Tetra Fin. Grp., LLC,* No. 2:09-cv-115-CW-PMW, 2010 U.S. LEXIS 5189, *2 (D. Utah May 24, 2010). In this case, Defendant asserts that Plaintiff "has merely refined his [sic] request for the information" and therefore the second subpoena must be quashed since it seeks information that is duplicative of information that Plaintiff sought from the School District under the first subpoena (doc. 32, p.8).

On March 9, 2015, this court issued an order quashing Plaintiff's first subpoena (doc. 32-2). Based thereon, it is now impossible for the court to quash Plaintiff's second subpoena as duplicative of the first subpoena that effectively does not exist. To the extent that Defendant's motion is based upon the School District actually providing Plaintiff with responsive documents despite the subpoena being quashed, the court considers the substance of both subpoenas. In doing so, the court acknowledges similarities between Plaintiff's second subpoena requests numbers 1 and 2, and Plaintiff's first subpoena requests 3 and 4 (doc. 32-2, doc. 32-2). Despite these similarities, given the unusual posture of the case in addition to the lack of information regarding what documentation the School District provided, the court declines to quash the second subpoena. Instead, the court requires Plaintiff to inform the School District that it shall not be required to produce documentation that it previously provided in conjunction with its responses to the first subpoena.

### The Second Subpoena Is Not Designed To Embarrass or Harass

Next, Defendant claims the second subpoena should be quashed because it is designed to harass and cause Defendant undue embarrassment (doc. 32, p.8). The court disagrees. The majority of Defendant's argument in support of harassment focuses on the duplicative nature of

the subpoena. As addressed above, the first subpoena was quashed and therefore the court will not consider the second subpoena duplicative. Further, while the court recognizes Defendant's concerns regarding the involvement of her employer, any embarrassment stemming therefrom is a natural consequence of the litigation process and should not be interpreted as a purposeful action by Plaintiff to abash Defendant.

Accordingly, for the reasons set forth, the court hereby denies Defendant's motion to quash the second subpoena and her request for attorney fees and costs related thereto.

## V.  ORDER

The Court hereby Orders as follows:

Defendant's Motion For Sanctions is DENIED (doc. 29); and

Defendant's Motion To Quash Subpoena Duces Tecum is DENIED (doc. 32).

**IT IS SO ORDERED**

DATED this 4th day of June, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge