IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RACHEL ANN NUNES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TIFFANIE RUSHTON,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No. 2:14-cv-627<br><br>District Court Judge Tena Campbell<br><br>Magistrate Judge Dustin Pead |

**I.      INTRODUCTION**

Currently pending before the court is: (1) Plaintiff Rachel Ann Nunes' "Motion To Compel" (doc. 40); and (2) Defendant Tiffanie Rushton's "Motion For Protective Order" (doc. 41). Upon review, the Court elects to determine the pending motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).[1]

**II.     PENDING MOTIONS**

**Plaintiff's Motion To Compel**

Plaintiff's Motion To Compel seeks a court order compelling Defendant to provide responses and produce documents related to the following discovery requests: (1) names, addresses and phone numbers of potential witnesses, (2) unredacted copies of initial disclosure documents, (3) signed interrogatories as required by federal rule 33, (4) production of information related to medical issues, (5) names and contact information of all potential

---

[1] This matter is before Magistrate Judge Dustin Pead pursuant to a 28 U.S.C. §636(b)(1)(A) referral from District Court Judge Tena Campbell (doc. 22).

witnesses (Interrogatory No. 1), (6) a description of all information known to potential witnesses, (7) factual basis for denials (Interrogatory No. 4), (8) identification of aliases and assumed names used (Interrogatory No. 5), (9) description of circumstances under which Defendant obtained a copy of work she plagiarized (Interrogatory No. 7), (10) names and contact information of those whom Rushton communicated (Interrogatory No. 8), (11) names and contact information of those who performed tasks (Interrogatory No. 11), (12) information on individual who gave Rushton a copy of Nunes' work (Interrogatory Nos. 12, 13), (13) information on the agreement Rushton formed (Interrogatory No. 16), information regarding attorneys Rushton consulted with (Interrogatory No. 17), (15) the factual basis for her defenses, (16) statements regarding the matters in dispute (Interrogatory No. 2), (17) production of Facebook profiles (Request For Production No. 5), (18) production of materials related to Rushton's online activities on Facebook, Amazon, Goodreads, and Twitter (Request For Production No. 6), (19) copy of the work at the center of the copyright dispute (Request For Production No. 7), (20) documents reflecting earnings from Amazon (Request For Production No. 12), (21) documents reflecting work with anti-bullying campaigns (Request For Production No. 13), (22) production of emails sent or received using specific email accounts and production of the emails (Request For Production No. 18), (23) copies of books entitled "Hasty Resolution" and "Hold You Again" (24) responses regarding access to Nunes' work (Interrogatory Nos. 3-5), (25) responses regarding alias accounts (Request For Admission 15-16), (26) response regarding history of plagiarism (Request For Admission No 17), factual basis for all denials, (27) and the payment of reasonable expenses incurred (doc. 40).  Plaintiff's motion contains a certification that she conferred in good faith with opposing counsel in an effort to resolve the pending discovery

disputes (doc. 40, p. v).

Defendant submits a seventy page opposition to Plaintiff's motion (doc. 42).[2]  In direct conflict with Plaintiff's meet and confer certification, Defendant explains that she "pleaded with Plaintiff's counsel to meet-and-confer regarding these issues prior to involving the Court, but Plaintiff's counsel is disinterested in meeting in person or over the telephone. . . ." (doc. 42, p. 1).

**Defendant's Motion For Protective Order**

On June 6, 2015, Defendant filed a "Motion For Entry of Standard Protective Order" in order to facilitate the production of documents containing "sensitive medical information" (doc. 41).  Defendant's motion references email correspondence between the parties, but fails to include evidence of a good faith meet and confer.  Plaintiff's opposition states that no meet and confer between the parties has occurred and despite repeated attempts Defendant "refused to respond or provide the requested information" (doc. 44, p. 5).

**III.   ANALYSIS**

It is within the court's discretion to deny a motion to compel for failure to comply with the meet and confer requirements set forth in Rule 37 and corresponding local rules.  *See Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007).  Federal Rule of Civil Procedure 37 requires certification that the moving party has "in good faith conferred" with the opposing party in an effort to obtain discovery without court intervention.  *See* Fed. R. Civ. P. 37(a)(1).  Similarly, the District of Utah's local rule requires counsel to demonstrate "a reasonable effort to reach agreement with opposing counsel on the matters set forth in the motion."  DUCivR 37-1(a).

Here, although Plaintiff's motion to compel "certifies" that the parties met in good faith,

---

[2]*See infra* p. 5.

references to emails demanding discovery responses do not satisfy meet and confer requirements. *See Cotracom Commodity Trading Co. v. Seaboard Corp.,* 189 F.R.D. 456, 459 (D. Kan. 1999) ("When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery")). Moreover, the ability of Plaintiff to participate in a meet and confer that Defendant maintains she is unaware of, challenges the meaningfulness of the interactive process to which Plaintiff refers. Similarly, Defendant's motion for protective order lacks the requisite certification providing that the parties conferred in good faith, and Plaintiff asserts that no meet and confer on the protective order issue occurred.

Based hereon, the court concludes that the parties have not sufficiently complied with the meet and confer obligations required under federal and local rules. *See* Fed. R. Civ. P. 37; DUCiv R 37-1. Notably, this failure has resulted in the absence of any narrow and well-defined disputes. Instead, the parties seek court intervention on a substantial number of issues evidencing a failure to facilitate the exchange of information surrounding even the most standard of inquiries. To properly fulfill meet and confer obligations, the parties must in good faith engage in reasonable efforts to reach resolution. Specifically,

> [t]he parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compares views or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.

*Cotracom Commodity*, 189 F.R.D. at 459 (D. Kan. 1999).

4

Accordingly, counsel for Plaintiff and Defendant are directed to participate in a meaningful meet and confer in an attempt to reach agreement on the discovery requests and protective order at issue in their pending motions.  Based upon the current tenor of this litigation, the court admonishes counsel to make every possible effort to reach agreement and to direct energy into reaching resolutions as opposed to filing unfledged motions seeking court intervention.  To the extent that such efforts are unsuccessful, counsel may re-file their respective motions.  The court reminds the parties that a motion or memorandum is not to exceed the page limitations set forth under the local rules and that leave of the court must be obtained prior to submission of any over-length filing.  DUCivR 7-1(e).[3]  The court will summarily reject any over-length submission filed without leave of court and require that the party seeking leave "include a statement of the reasons why additional pages are needed and specify the number required."  DUCivR 7-1(e).

## IV.     ORDER

The Court hereby Orders as follows:

Plaintiff's Motion To Compel is DENIED without prejudice (doc. 40); and

Defendant's Motion For Protective Order is DENIED without prejudice (doc. 41).

---

[3]The Court previously addressed Defendant's failure to comply with the local rules, requiring that a party obtain leave of court prior to filing an over-length memorandum, in its June 4, 2015, Memorandum Decision and Order (doc. 39, ftn. 4); *see* DUCivR 7-1(b) and (e).

**IT IS SO ORDERED**

DATED this 18th day of August, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge