IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RACHEL NUNES<br><br>Plaintiff,<br><br>v.<br><br>TIFFANIE RUSHTON<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON NUNES'S MOTION FOR DISCOVERY SANCTIONS<br><br>Case No. 2:14-cv-00627-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is Rachel Nunes's motion to sanction Tiffanie Rushton for spoliation of evidence. The court grants the motion in part.

## BACKGROUND

Rushton infringed Nunes's copyright in her novel, *A Bid for Love*, by copying protected elements of the book and distributing copies of the infringing work to reviewers and bloggers for promotional purposes. Around this time, Rushton created a number of "sock puppet" accounts on Google and Yahoo by registering these accounts under usernames that did not identify her as the individual controlling the accounts. Rushton used these Google and Yahoo accounts to create several sock puppet accounts on Facebook, Goodreads, and Amazon. Rushton then used the Goodreads and Amazon sock puppet accounts to post positive reviews of her own books and negative reviews of Nunes's books. Rushton also created a Twitter account and a Blogspot account under her pen name, Sam Taylor Mullens, to promote her books.

On August 1, 2014, one of the reviewers of Rushton's infringing novel contacted Nunes and reported that it was very similar to *A Bid for Love*. Nunes attempted to obtain an advance

copy of the infringing novel and discover the true identity of Sam Taylor Mullens. Rushton used her sock puppet social media accounts to anonymously criticize Nunes's efforts to investigate the infringing novel. Sometime in August or September of 2014, after Nunes had discovered Rushton's identity, Rushton deleted most of her sock puppet accounts on Facebook, Goodreads, and Amazon. Rushton also deleted her Sam Taylor Mullens Twitter and Blogspot accounts. It is unclear whether these deletions occurred before or after the date when Nunes filed this lawsuit, August 28, 2014.

During the ensuing litigation, Nunes made a discovery request for documents stored on Rushton's various Google and Yahoo accounts. On August 12, 2015, while this discovery request was pending, Rushton deleted one of her Google sock puppet accounts. On February 18, 2016, Judge Pead granted a motion to compel Rushton to produce documents from her Google and Yahoo accounts. Counsel for Rushton represented that she had lost the passwords to the accounts. So on February 24, 2016, Rushton stipulated that Nunes could subpoena Google and Yahoo for all documents found on her accounts. Rushton represents that after the subpoenas were served she found a notebook containing all of the passwords to her Google and Yahoo sock puppet accounts. She deleted all of the remaining accounts on March 21, 2016. Rushton asserts that she did so because she believed that all of the documents associated with the accounts had been or would be produced by Google and Yahoo pursuant to the subpoenas.

On March 28, 2016, Google responded to the subpoena by notifying the parties that the accounts had been deleted. Google stated that the account deleted on August 12, 2015 could not be recovered because too much time had passed. But Google preserved the accounts that had been deleted on March 21, 2016. Google stated that it was up to Rushton to recover the accounts

through its online recovery tool. On March 31, 2016, counsel for Rushton represented that she would recover the accounts and stipulated to additional subpoenas to Google and Yahoo.

**ANALYSIS**

Nunes asks this court to sanction Rushton for deleting the various sock puppet accounts by instructing the jury that it should presume that that the destroyed evidence would have been unfavorable. "Spoliation sanctions are proper when '(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence.'" *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (citation omitted). "[I]f the aggrieved party seeks an adverse inference to remedy the spoliation, it must also prove bad faith. 'Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.'" *Id.* (citation omitted).

Spoliation sanctions are not appropriate for Rushton's deletion of the Goodreads, Amazon, and Facebook accounts because Nunes has not shown that she suffered any prejudice. Rushton used the Goodreads and Amazon accounts to post positive reviews of her books and negative reviews of Nunes's books. Rushton used the Facebook accounts to post public comments on Nunes's Facebook page that criticized her efforts to investigate the infringement. The deletion of these accounts did not erase these public reviews and comments. Indeed, Nunes produced numerous reviews and comments posted through these accounts in support of her motions for summary judgment. Because Nunes failed to identify any information that was lost when these accounts were deleted, she has not shown any prejudice from the deletion of these accounts.

The court, likewise, may not sanction Rushton for deleting her Sam Taylor Mullens Blogspot account and Twitter account. She used these social media accounts to post messages about her novels in particular and romance novels in general in order to promote her books. Although these blog entries and tweets were public, they presumably were no longer accessible after Rushton deleted these accounts. But it appears that Nunes was able to save the content of these two accounts before Rushton deleted them. Nunes produced several screen captures of both the Blogspot account and the Twitter account in support of her motions for summary judgment. Nunes, moreover, makes no attempt to show that the posts and comments on these accounts were irretrievably lost.

Furthermore, Nunes has not proven that she was prejudiced by the March 21, 2016 deletion of the Google and Yahoo accounts. Google indicated that the accounts deleted on this date had been preserved and were retrievable. Counsel for Rushton subsequently stated that she would recover the Google and Yahoo accounts, and the docket suggests that the accounts were, in fact restored. On April 6, 2016, Nunes stipulated to an extension of time for Yahoo to produce documents from the previously deleted accounts, representing that she and Yahoo had come to an agreement regarding the production of documents from these accounts. And on April 18, 2016, Rushton stipulated that she would use each of the previously deleted Google accounts to send a message to Google authorizing it to provide additional information about the accounts. Thus, although the motion for sanctions and the response were curiously silent on efforts to retrieve the contents of these deleted accounts, it appears that Nunes was not prejudiced because she obtained the requested documents and emails from these accounts.

Finally, the court addresses Rushton's August 12, 2015 deletion of one of the Google accounts. At the time of the deletion, Rushton had a duty to preserve this account because

4

litigation was pending. The court also finds that Nunes was prejudiced by the deletion because any documents or emails stored on this account were irretrievably lost. The only question that remains, therefore, is whether Rushton deleted the account in bad faith. Notably, Rushton attempts to explain the deletion of the social media and Amazon accounts around the time that Nunes sued her. She represents that she was not represented by counsel at the time and that she deleted the accounts in an attempt to placate Nunes, not to destroy evidence. She also represents that she deleted the Google and Yahoo accounts on March 21, 2018 because she thought that any documents associated with the accounts would be produced pursuant to the stipulated subpoenas that had issued about a month earlier. But Rushton has not proffered an explanation for the August 12, 2015 deletion of the Google account. Given that litigation had been pending for almost a year, that Rushton was represented by counsel, and that Nunes had requested the production of documents associated with this Google account, the court infers that Rushton's August 12, 2015 deletion of one of her Google accounts was done in bad faith.

The court, therefore, shall sanction Rushton for the August 12, 2015 deletion by instructing the jury that Rushton deleted one of her Google accounts while litigation was pending and that the jury *may* presume that the documents and emails stored on this account would have been unfavorable to her. The parties may propose a suitable instruction pursuant to the schedule for jury instructions established by the trial order.

## CONCLUSION

As described above, the court GRANTS IN PART Nunes's motion for an adverse instruction regarding destroyed evidence. [Docket 267].

Signed May 14, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge