IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RACHEL NUNES<br><br>Plaintiff,<br><br>v.<br><br>TIFFANIE RUSHTON<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE<br><br>Case No. 2:14-cv-00627-JNP-DBP<br><br>District Judge Jill N. Parrish |

Tiffanie Rushton infringed Rachel Nunes's copyright to her novel, *A Bid for Love*. The only issues remaining for trial are whether the infringement was willful within the meaning of 17 U.S.C. § 504(c)(1) and the amount of statutory damages to be awarded to Nunes. Before the court are eight motions to exclude evidence filed by Nunes and one motion to exclude evidence filed by Rushton. The court shall first address the standards applicable to the willfulness and statutory damages issues. The court will then address each motion in turn.

I. LEGAL STANDARDS

A copyright infringer may be held liable for statutory damages. 17 U.S.C. § 504(a). Ordinarily, statutory damages may be awarded "in a sum of not less than $750 or more than $30,000." *Id.* § 504(c)(1). But if the copyright owner proves that the infringement "was committed willfully," statuary damages may be awarded in an amount not to exceed $150,000. *Id.* § 504(c)(2). Both willfulness and the amount of statutory damages are jury questions. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998).

In order to show that infringement was willful, the plaintiff must prove that the defendant either knew that his or her conduct constituted copyright infringement or recklessly disregarded the possibility that his or her conduct constituted copyright infringement. *See Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010); *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017); *Yellow Pages Photos, Inc. v. Ziplocal, LP,* 795 F.3d 1255, 1272 (11th Cir. 2015); 4 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 14.04[B][3][a] (Rev. Ed. 2017).

Additionally, the jury is free to consider a number of factors when determining the amount of a statutory damage award. The Supreme Court has recognized that the statutory damages clause of the Copyright Act affords the "necessary flexibility to do justice" when it is difficult or impossible to calculate actual damages. *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232–33 (1952); *see also Douglas v. Cunningham*, 294 U.S. 207, 209 (1935) (reasoning that the statutory damages provision was adopted "to give the owner of a copyright some recompense for injury done him, in a case where the rules of law render difficult or impossible proof of damages or discovery of profits"). The Court further recognized that even in cases where infringement does not damage the copyright holder or enrich the infringer, a statutory award is appropriate to vindicate the policies animating the Copyright Act, including "to discourage wrongful conduct." *Woolworth Co.*, 344 U.S. at 233.

Lower courts have further enumerated factors that a jury may consider when awarding statutory damages. A district court in the First Circuit, for example, instructed a jury that it could consider, among other things:

> the nature of the infringement; the defendant's purpose and intent, the profit that the defendant reaped, if any, and/or the expense that the defendant saved; the revenue lost by the plaintiff as a result of

> the infringement; the value of the copyright; the duration of the infringement; the defendant's continuation of infringement after notice or knowledge of copyright claims; and the need to deter this defendant and other potential infringers.

*Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 503–04 (1st Cir. 2011). The Fourth Circuit similarly held that a jury was correctly instructed that it could consider any actual damages as well as

> any evidence that the defendants have a history of copyright infringement; any evidence that the defendants are apparently impervious to either deterrence or rehabilitation; the extent of the defendant's knowledge of the copyright laws; any misleading or false statements made by the defendants; . . . and any factor which the jury believes evidences the defendants knew, had reason to know, or recklessly disregarded the fact that its conduct constituted copyright infringement.

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496 (4th Cir. 1996) (alteration in original). Finally, the Second Circuit has held that when

> determining the amount of statutory damages to award for copyright infringement, courts consider: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010); *see also Marshall v. Marshall*, No. 08 CV 1420 LB, 2012 WL 1079550, at *26 (E.D.N.Y. Mar. 30, 2012), *aff'd*, 504 F. App'x 20 (2d Cir. 2012) (ruling that "'statutory damages cannot be divorced from economic reality' and 'should bear some relationship to actual damages suffered'" (citation omitted)).

In summary, the jury has broad discretion to consider many factors when fixing the amount of a statutory damages award, including (1) the amount of any actual damages to the copyright holder or any profits obtained by the infringer, (2) any difficulties in proving either

3

damages or profits, (3) the infringer's state of mind, (4) the nature of and circumstances surrounding the infringement, (5) the conduct and attitude of the parties in relation to the infringement, and (6) deterrence.

## II. MOTION TO EXCLUDE SETTLEMENT OFFERS AND NEGOTIATIONS

Pursuant to Rule 408 of the Federal Rules of Evidence, Nunes moves to exclude evidence of any settlement offers and any conduct or statements made during settlement negotiations. Rule 408 excludes offers to compromise a claim as well as conduct or statements made during compromise negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement."

Any settlement offers made in this case fall squarely within this rule. Settlement negotiations could only be relevant to the amount of the statutory damages award. Rule 408 prohibits the use of settlement negotiations to prove the amount of statutory damages to award.

The cases cited by Rushton to support her argument that evidence of settlement negotiations should be introduced at trial are not persuasive. First, Rushton cites *Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120 (2d Cir. 1989). In that case, the Second Circuit noted that the defendant had offered to settle the case and held that "the overall history of the litigation" justified the district court's decision to award $100 in statutory damages. *Id*. at 1122, 1126. But the Second Circuit never considered Rule 408, and it appears that the parties in that case never raised it. *Warner Bros*. cannot be persuasive authority on a point of law it did not contemplate. Moreover, the district court in *Warner Bros*. decided the issue of statutory damages, not a jury. Second, Rushton cites *Fortgang v. Pereiras Architects Ubiquitous LLC*, No. CV163754ADSAYS, 2018 WL 1832184, at *4 (E.D.N.Y. Mar. 9, 2018). But that case only held "that Rule 408 does not bar consideration of settlement discussions in the context of determining

whether attorneys' fees are appropriate under Section 505 of the Copyright Act." *Id.* at *4. It says nothing about submitting evidence of settlement negotiations to a jury when determining the amount of statutory damages.

The court, therefore, concludes that Rule 408 prohibits a jury from considering evidence of settlement offers and settlement negotiations when setting the amount of statutory damages. The court GRANTS Nunes's motion to exclude this evidence.

### III.   MOTION TO EXCLUDE EVIDENCE OF NUNES'S ACTIONS

Next, Nunes moves to exclude evidence of her actions and statements. This motion is very broad and indefinite, but she appears to request the exclusion of two general categories of evidence.

*First*, Nunes seeks to exclude evidence of her pre-litigation efforts to investigate Rushton's identity, her online comments about Rushton's infringement, her efforts to raise money to sue Rushton, her motives for suing Rushton, and any ancillary benefits she may have derived from the infringement controversy. Nunes argues that this evidence should be excluded under Rules 401 and 402 because it is not relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.

As noted above, the scope of the evidence that the jury may consider in fixing the amount of a statutory damages award is very broad. The jury, for example, may weigh the conduct and attitude of the parties in relation to the infringement. Thus, the jury may consider Nunes's actions in investigating and responding to Rushton's infringement. Indeed, Nunes has indicated that she intends to introduce a number of Rushton's online posts, book reviews, and emails in order to show her bad conduct both before and after her infringing activities were discovered. Because

5

Rushton's posts and emails were in response to Nunes's internet posts, emails, and fundraising activities, Nunes's internet activities are also relevant to provide context to Rushton's online posts.

Nunes also argues that her pre-litigation activities should be excluded under Rule 403. Under this rule, the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Nunes contends in a cursory manner that evidence of Rushton's pre-ligation actions have no probative value and would serve no purpose other than to distract the jury from the issues it must decide. As noted above, however, the evidence is probative of the issue of statutory damages. And Nunes has failed to identify any unfair prejudice that would be caused by the introduction of the evidence. The court, therefore, declines to exclude the evidence under Rule 403.

*Second*, Nunes seeks to exclude evidence of the discovery conduct of the parties in this litigation as well as evidence of the attorney fees incurred by Rushton. Nunes argues that the evidence should be excluded as irrelevant under Rules 401 and 402. The court disagrees. Evidence of the legal fees incurred by Rushton is relevant to the issue of deterrence. The jury may properly conclude that these litigation expenses will discourage Rushton and other individuals from copyright infringement in the future, reducing the need for a large statutory damage award to serve as a deterrent. Moreover, if the amount of Rushton's legal bill is admitted into evidence, evidence of the discovery conduct of the parties may be relevant to determine whether the fees were reasonably incurred. Thus the litigation conduct of the parties is at least tangentially relevant to the issue of statutory damages.

But the court concludes that evidence of legal fees and the litigation conduct of the parties should be excluded under Rule 403. Both the litigation conduct of the parties and the legal fees incurred are driven largely by the decisions made by counsel for both Nunes and Rushton. Thus evidence of how the attorneys have chosen to pursue or defend claims and the resulting fees are not very probative of the conduct and attitude of the parties related to the infringing conduct. Additionally, if the court permits a mini-trial in which the parties accuse each other of bad litigation conduct or running up the amount of attorney fees required to resolve this case, there is a substantial danger of confusing the jury, wasting time, and unfairly prejudicing the jury based upon the conduct of the attorneys, rather than the conduct of the parties. Under Rule 403, therefore, the court excludes evidence of the litigation conduct of the parties and the amount of attorney fees and costs incurred by either Rushton or Nunes.

IV. **MOTION TO EXCLUDE EVIDENCE OF RUSHTON'S FINANCES**

Nunes also moves to exclude evidence of Rushton's finances and the fact that she declared bankruptcy. Nunes argues that this evidence is irrelevant under Rules 401 and 402 and that it is unfairly prejudicial under Rule 403. The court disagrees. Evidence of Rushton's wealth or poverty is relevant to the issue of the amount of statutory damages necessary to deter her from future copyright infringement. And given that this evidence is highly probative of the issue of deterrence, it outweighs any unfair prejudice in the form of undue sympathy towards Rushton for her financial difficulties. The court, therefore, denies Nunes's motion to exclude evidence of Rushton's finances and bankruptcy filing.

## V.    MOTION TO EXCLUDE EVIDENCE RELATED TO AFFIRMATIVE DEFENSES

In its order on the motions for summary judgment, [Docket 256], the court struck Rushton's affirmative defenses. Nunes now moves to exclude evidence related to these affirmative defenses under Rules 401, 402, and 403.

First, Nunes seeks to exclude evidence that would support Rushton's fair use defense to the copyright infringement claim. Because the court struck this affirmative defense and found Rushton to be liable for copyright infringement, evidence that the elements copied from Nunes's novel constituted fair use cannot be offered for the purpose of avoiding liability. But evidence of fair use may be relevant to another issue: whether the infringement was willful. If Rushton reasonably believed that she did not infringe Nunes's copyright because her actions fell within the fair use exception, her infringement would not be willful. Evidence of fair use would be highly probative of Rushton's willfulness under this scenario. The court, therefore, denies Nunes's motion to exclude evidence of fair use at this time.

Second, Nunes asks the court to exclude evidence supporting Rushton's other affirmative defenses of comparative fault, estoppel, laches, unclean hands, and failure to mitigate damages. But Nunes does not identify the specific evidence that she seeks to exclude. Although Rushton may not pursue an estoppel or unclean hands defense at trial, evidence that may be relevant to one of the excluded defenses may also be relevant to one of the issues remaining to be resolved by the jury. Because Nunes has not identified precisely what evidence she wishes to exclude, the

court is unable to evaluate her motion. Thus the court denies her request to exclude evidence relevant to the affirmative defenses stricken by the court.[1]

## VI. MOTION TO EXCLUDE EFFORTS TO EXCLUDE EVIDENCE

Nunes moves to exclude this court's orders to exclude evidence. She also moves to exclude any unsuccessful motions to exclude evidence. At oral argument, Rushton conceded that evidence of efforts to exclude evidence should be excluded. The court, therefore, grants this motion.

## VII. MOTION TO EXCLUDE EVIDENCE OF RUSHTON'S ONLINE COMMENTS

Rushton moves to exclude evidence of her sock puppet accounts and her various internet comments in which she criticizes Nunes's books, Nunes's efforts to investigate the copyright infringement of her novel, and Nunes's efforts to raise money to sue Rushton. Rushton argues that this evidence should be excluded because it is either irrelevant under Rules 401 and 402 or unfairly prejudicial under Rule 403. At oral argument, Rushton conceded that the online comments that she made before Nunes discovered the infringement should not be excluded. Rushton argued, however, that comments made after Nunes discovered the infringement are irrelevant to the issues in this case.

The court disagrees. Rushton's post-discovery comments are relevant to both her state of mind when she infringed the copyright and to the issue of statutory damages. Rushton's online comments can be interpreted as attempts to hide her identity, intimidate Nunes, and discourage

---

[1] At oral argument, counsel for Nunes suggested that this motion overlapped, in large part, with the motion to exclude evidence of Nunes's actions and motivations. To the extent that this motion to exclude evidence related to the stricken affirmative defenses replicates Nunes's motion to exclude evidence of her actions, it meets the same fate. *See*, *supra*, Part III.

Nunes from pursuing her investigation and subsequent lawsuit. Rushton's attempts to cover up her infringement of Nunes's novel are relevant to the issue of the willfulness of the infringement. If Rushton believed that she had done nothing wrong, she would not have a strong incentive to hide her identity or thwart Nunes's investigation. Additionally, Rushton's internet comments in the days and weeks after Nunes discovered the infringement are relevant to the issue of the amount of statutory damages to award. Both Rushton's state of mind and her actions in relation to the infringement are factors that the jury may consider.

Rushton also argues that the internet comments are unfairly prejudicial under Rule 403. She suggests that jurors will frown upon her use of sock puppet accounts to make anonymous internet posts and that they may view the posts as rude or bullying. But the jury has broad discretion to evaluate Rushton's actions in relation to the infringement when fixing the amount of the statutory damage award. The anonymity of the posts and their bullying tone are therefore relevant to issues before the jury and any prejudice to Rushton would not be unfair. The court declines to exclude the online comments under Rule 403.

Thus, the court denies Rushton's motion to exclude evidence of the sock puppet accounts and her online comments.

### VIII. MOTION TO EXCLUDE EXPERT TESTIMONY

Nunes moves for an order prohibiting Rushton from presenting expert testimony because she did not designate any experts within the deadlines established in the scheduling order. Rushton concedes that she has not designated an expert and does not oppose the motion to exclude expert testimony. The court, therefore, grants the motion.

Rushton has notified Nunes that she intends to call her treating doctor as a fact witness. The doctor may only testify as to facts of which he has personal knowledge, including his diagnosis and any treatment that he prescribed.

## IX. MOTION TO EXCLUDE RUSHTON'S LAY OPINION TESTIMONY

Nunes also moves for an order prohibiting Rushton from giving Rule 701 lay opinions regarding her mental health issues. During depositions, counsel for Nunes asked Rushton about her mental health and how it related to the issues in this case. Nunes argues that Rushton did not adequately respond to these deposition questions, responding that "I'm no expert" or I don't know." Nunes contends that these evasive responses require the court to sanction Rushton under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 26(a), in turn, requires parties to make initial disclosures of the identity of individuals who may have discoverable information, documents and tangible things that may be used to support a claim or defense, computations of each category of damages, and any insurance agreement that may be used to satisfy a potential judgment. Rule 26(e) requires a party to supplement or correct these initial disclosures if the party discovers that a disclosure is incomplete or incorrect.

Rule 37(c)(1) has no application here. A court may only sanction a party under this rule for a failure to make initial or supplementary disclosures of witnesses or documents as required by Rule 26(a) and (e). The initial and supplementary disclosure requirement of Rule 26 does not govern the adequacy of responses to deposition questions. The court, therefore, denies the

motion to exclude Rushton's Rule 701 lay testimony. The appropriate remedy for any evasive deposition testimony is cross-examination at trial.

X. **MOTION TO EXCLUDE EVIDENCE OF RUSHTON'S MENTAL HEALTH ISSUES**

Finally, Nunes moves to exclude evidence that Rushton suffers from mental health issues. Specifically, Nunes wishes to exclude the fact that Rushton has been diagnosed with bipolar disorder, as well as Rushton's lay testimony as to how she felt before she began taking medication for her disorder (i.e. the period of time when she infringed Nunes's copyright) and how she felt after she began taking medication.

Nunes argues that this evidence is not relevant under Rules 401 and 402. But evidence of a mental disability may be relevant to the issues of whether Rushton recklessly disregarded the possibility that her conduct constituted copyright infringement. RESTATEMENT (THIRD) OF TORTS: PHYS. & EMOT. HARM § 2 cmt. c (2010) ("While . . . mental disability [is] ordinarily not taken into account in assessing whether the actor's conduct is negligent . . . , when the issue is the actor's recklessness the question to be considered is whether the risk would have been obvious to . . . others suffering from a like mental disability."). Moreover, Rushton's diagnosis of bipolar disorder is relevant to the issue of statutory damages. One factor the jury may consider in fixing the amount of statutory damages is deterrence. Rushton has indicated that she intends to prove that her bipolar disorder contributed to her copyright infringement and that her disorder has since been controlled through medication. The jury may consider this evidence and conclude that it diminishes the need to award a large amount of statutory damages to deter future infringing conduct. Thus the court declines to exclude the evidence under Rules 401 and 402.

Nunes also moves to exclude evidence of Rushton's mental health under Rule 403. Nunes contends that without the guidance of expert testimony, lay testimony about mental health issues may confuse the jury or lead to unfair prejudice. As noted above, however, the lay mental health testimony is probative of the issues to be decided by the jury. The court concludes that the probative value of this evidence is not substantially outweighed by any danger of unfair prejudice.

Finally, Nunes argues that Rushton cannot present lay testimony about her mental health issues because only expert testimony may be admitted on this issue. The court disagrees. It is true that expert testimony is required to prove certain issues, including medical standards of care and a breach of this standard, as well as the nexus between an injury and its cause in cases where causation would not be obvious to a juror. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004); *Lee v. United States*, No. 2:09CV544DN, 2012 WL 2419954, at *1 (D. Utah June 26, 2012). But Rushton has provided no authority for the proposition that evidence of mental health issues must always be presented by an expert. Nor has she presented authority that individuals should be prohibited from testifying about their mental processes and their general mental state, especially where the individual's state of mind is a central issue in the case. Absent any clear authority, the court declines to break new ground on this issue and denies Nunes's motion to exclude lay testimony about Rushton's mental health and state of mind.

## CONCLUSION

For the forgoing reasons, the court ORDERS as follows:

(1) The court GRANTS Nunes's motion to exclude evidence of settlement offers and conduct or statements made during settlement negotiations. [Docket 261].

(2) The court DENIES IN PART AND GRANTS IN PART Nunes's motion to exclude evidence of her actions. The court denies the portion of the motion that seeks to exclude her pre-litigation actions, statements, and motives. The court grants the motion to the extent that it seeks to exclude litigation conduct, costs, and attorney fees. [Docket 263].

(3) The court DENIES Nunes's motion to exclude evidence of Rushton's finances. [Docket 264].

(4) The court DENIES Nunes's motion to exclude evidence related to Rushton's failed affirmative defenses. [Docket 265].

(5) The court GRANTS Nunes's motion to exclude evidence of efforts to exclude evidence. [Docket 271].

(6) The court DENIES Rushton's motion to exclude evidence of her sock puppet accounts and online comments. [Docket 272].

(7) The court GRANTS Nunes's motion to prevent Rushton from offering expert testimony. [Docket 262].

(8) The court DENIES Nunes's motion to prevent Rushton from offering lay opinion testimony. [Docket 268].

(9) The court DENIES Nunes's motion to exclude evidence of Rushton's mental health issues. [Docket 266].

Signed May 14, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge