IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RACHEL NUNES<br><br>Plaintiff,<br><br>v.<br><br>TIFFANIE RUSHTON<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON NUNES'S SECOND MOTION TO EXCLUDE EVIDENCE OF RUSHTON'S FINANCES<br><br>Case No. 2:14-cv-00627-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is Rachel Nunes's second motion to exclude evidence of Tiffanie Rushton's finances. In this motion, Nunes argues that the court should exclude witness testimony from Tiffanie Rushton and her husband Devin Rushton regarding the couple's finances, as well as any documents concerning their financial condition, because Rushton did not properly disclose this information under Rule 26(a) of the Federal Rules of Civil Procedure. The court denies the motion in part and grants the motion in part.

## BACKGROUND

In her Rule 26(a) disclosure, Nunes identified Rushton as an individual with relevant information and stated that she was "expected to testify regarding all relevant matters." About a month later, Rushton served her own Rule 26(a) disclosure. It identified herself and her husband as individuals who had "discoverable information supporting Defendant's claims." Neither Rushton's Rule 26(a) disclosure nor any of her supplementary disclosures identified any documents relevant to her personal finances.

Nunes moves for an order prohibiting Rushton and her husband from providing any testimony about their personal finances, arguing that Rushton's Rule 26(a) disclosure did not notify her that the Rushtons had any information regarding the couple's financial condition. Nunes also moves for an order prohibiting Rushton from producing any documents related to her financial condition because she did not identify any documents on this subject.

## ANALYSIS

### I. WITNESS TESTIMONY

Rule 26(a)(1)(A) provides:

> [A] party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—*along with the subjects of that information*—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

(Emphasis added). Rule 37(c)(1), in turn, provides the appropriate sanction for parties that do not comply with Rule 26(a)(1)(A): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Although Rushton identified herself and her husband as individuals with "discoverable information supporting Defendant's claims" in her Rule 26(a) disclosure, Nunes argues that the disclosure did not specifically notify her that the Rushtons had information on the subject of their financial condition. In other words, Nunes argues that Rushton did not comply with the portion of Rule 26(a)(1)(A)(i) that requires parties to both identify individuals with information and "the

2

subjects of that information." Nunes further asserts that Rule 37(c)(1) requires the court to exclude any testimony from the Rushtons about their finances because Rushton failed to "identify a witness as required by Rule 26(a)."

Nunes does not supply any authority for the proposition that Rule 37(c)(1) may be used to sanction parties not only for failing to identify a witness, but also for neglecting to specifically identify the subjects on which the witness has information. But the court need not resolve this question because any failure to fully comply with Rule 26(a)(1)(A)(i) "was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "[T]he following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Here, there is no prejudice and thus no need to cure any prejudice. Rushton's finances were relevant to several of the claims brought by Nunes, including copyright claims for statutory damages and disgorgement of profits and claims for punitive damages. And it is simply not credible that Nunes would not have known that the Rushtons had information regarding their own finances. Additionally, presenting testimony on Rushton's wealth or lack thereof would not disrupt the upcoming trial. Finally, Rushton did not act in bad faith by defining the subjects on which she was knowledgeable as "discoverable information supporting Defendant's claims." Rushton was at the center of every one of Nunes's many claims in her complaint. The court finds that Rushton was not attempting to obscure the subjects on which she had relevant information by defining her knowledge of relevant information broadly. Indeed, Rushton merely followed

Nunes's example. In designating Rushton as an individual with relevant information in her Rule 26(a) disclosure, Nunes stated that Rushton was "expected to testify regarding all relevant matters."[1]

The court, therefore, concludes that any violation of Rule 26(a)(1)(A) was harmless. The court denies Nunes's motion for sanctions to the extent that she seeks to exclude testimony proffered by Rushton or her husband about Rushton's finances.

## II. DOCUMENTS

Rule 26(a)(1)(A) also requires parties to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Nunes argues that Rushton failed to designate any documents relevant to her finances and should be prohibited from providing any such documents at trial.

Rushton does not oppose the exclusion of any financial documents that were not disclosed. She argues instead that she does not need to introduce financial documents at trial because she can testify regarding her own finances. The court, therefore, grants Nunes's motion to the extent that it seeks the exclusion of documents that were not disclosed.

---

[1] Nunes essentially proposes that witnesses be excluded from providing testimony on subjects that were not specifically disclosed under Rule 26(a). But if the court were to apply this rule in an even-handed manner, Rushton would be prohibited from providing any testimony for either side because both Nunes's and Rushton's designations of the subjects on which Rushton was knowledgeable were so broad as to be meaningless.

4

## CONCLUSION

The court DENIES IN PART AND GRANTS IN PART Nunes's motion to exclude evidence of Rushton's finances under Rules 26 and 37. [Docket 289]. Rushton and her husband may testify about Rushton's finances at trial. Rushton may not proffer financial documents at trial that were not previously disclosed to Nunes.

Signed May 14, 2018.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge